IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AZANIAH BLANKUMSEE, # 326-698       *
                                    *
Plaintiff,                          *
                                    *
v                                   *      Civil Action No. PWG-13-1751
                                    *
DEPARTMENT OF CORRECTIONS,          *
BOBBY SHEARIN, WARDEN OF NBCI,      *
CASE MANAGEMENT MANAGER             *
  A. RODERICK,                      *
CASE MANAGEMENT SPECIALIST          *
  S. JOHNSON,                       *
                                    *
Defendants.

*************

## MEMORANDUM

In this complaint filed pursuant to 42 U.S.C. § 1983, self-represented plaintiff Azaniah Blankumsee ("Blankumsee") asserts that he improperly was denied reclassification from maximum security to medium security status by defendants and is subject to unconstitutional conditions of confinement as a result. ECF Nos. 1 and 4. As redress for his allegedly improper classification, Blankumsee is demanding damages, transfer to a lower security institution, and immediate reclassification. Compl. 4. Blankumsee also has filed a motion to proceed in forma pauperis, which shall be granted. ECF No. 2. After considering the pleadings and applicable law, Blankumsee's claim of improper classification will be dismissed for failure to state a claim upon which relief may be granted, and his claims regarding the conditions of his confinement will be dismissed without prejudice.

I.   BACKGROUND

Blankumsee alleges that he is entitled to a reduction in his security status because, subsequent to his initial classification as a maximum security inmate, the Court of Special Appeals of Maryland in 2006 vacated his conviction for first-degree murder and life sentence.[1] He states that in 2008, after he was transferred to the North Branch Correctional Institution ("NBCI"), his classification was reevaluated and he was recommended by a case management specialist for medium security status. In 2009, he was recommended again for medium security classification, and the recommendation was disapproved. In 2010, Blankumsee was transferred to Western Correctional Institution, another maximum security facility, after he received threats from other inmates. In 2011, he returned to NBCI. Supp. to Compl.

In 2012, Blankumsee's classification was reviewed by NBCI case management. According to Blankumsee, he asked to be transferred and was told by case manager S. Johnson ("Johnson") that he would have to stay at NBCI for two years and remain infraction free for six months before he could become eligible for transfer. Blankumsee claims Johnson informed him that if he remained infraction fee and maintained satisfactory program participation, she would recommend him for medium security the following year. *Id.* at 3, ¶ 5.

During his reclassification evaluation in 2013, Blankumsee reminded Johnson of their earlier conversation. Blankumsee avers that Johnson informed him that his scores supported no change in security level. *See id.* ¶ 6. Blankumsee alleges other inmates who have life sentences and poor adjustment histories have been placed in medium security. He claims that Johnson told

---

[1] Blankumsee's felony murder conviction was reversed and his remaining convictions were affirmed. The case was remanded to the Circuit Court for Washington County for re-sentencing on all counts where the court had declined to impose a sentence because Blankumsee had already been sentenced for felony murder.  The Maryland Judiciary website shows that Blankumsee is serving thirty years for attempted second-degree murder, fifteen years for handgun use during a felony or violent crime, and fifteen years for armed robbery, http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=21K04034142&loc=59&detailLoc=K.

2

him, "I treat everyone different, they're them and you're you." *Id.* Johnson then added, "I made them medium because of who they are, and I am denying you medium because of who you are." When Blankumsee answered "that's discrimination," Johnson answered, "call it what you'd like you're remaining maximum security." *Id.* Blankumsee states his efforts to address his classification through the administrative remedy procedure process ("ARP") have been unsuccessful. He alleges his ARP was either "destroyed or ignored." His sent letters to the Warden and R.S. Roderick ("Roderick"), manager of NBCI case management. By memorandum dated May 14, 2013, Roderick informed him that his April 2013 security classification had been reviewed and no change to his security level would be made. Compl. Ex. B; *see also id.* Ex. E. Plaintiff's next security review will be held in April of 2014. *See id.* Ex. B.

Blankumsee is a validated member of a Security Threat Group. Supp. to Compl. Ex. E at 7.[2] His status is reviewed and may be updated or changed as substantiated. *See id.* By memorandum dated June 7, 2013, Roderick informed Blankumsee:

> Your Case Manager and the Case Management Supervisor agreed with the instruments [sic] recommendation. As the Case Management Manager, I have the authority to sign as the Warden's Designee in these instances. Your file did not require Commissioners [sic] review because the recommendation was not a decrease or an increase in security level. All policies and procedures have been adhered to regarding your yearly security review.

Supp. to Compl. Ex. B.

Blanksumsee complains that he is subject to solitary confinement, denial of recreation, loss of visits, "indefinite stay," loss of privileges, limited programming, and denial of access to the courts as a result of his maximum security classification. He complains he is unsafe at NBCI due to the violent nature of the inmates housed there.

---

[2] Notably, Blankumsee neither disputes his designation as a member of a Security Threat Group nor claims he has taken steps to renounce membership.

## II.        DISCUSSION

Mindful that Blankumsee is a self-represented litigant, the court accords his pleadings liberal construction.[3] *See Erickson v. Pardus*, 551 U.S. 89 (2007). Liberal construction does not mean that the Court may ignore a clear failure to allege facts stating a federal claim, nor may the Court assume the existence of a genuine issue of material facts where there is none. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). The court is obliged to dismiss an action filed in forma pauperis that fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

Whether a complaint states a claim is analyzed under Rule 12(b)(6), which tests the sufficiency of the complaint. A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering dismissal for failure to state a claim, a plaintiff's well-pled allegations are assumed true, and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" to survive dismissal. *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (stating a plaintiff may proceed only when the complaint is justified by both law and fact).

---

[3] Blankumsee was granted an opportunity to supplement the complaint and has done so. ECF Nos. 3 and 6.

To bring a § 1983 claim, a plaintiff must: 1) allege a violation of a constitutional right or federal law; and 2) show that "'the alleged deprivation was committed by a person acting under color of state law.'" *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). Although Blankumsee alleges violations of his rights to due process and equal protection, his conclusory allegations are unsubstantiated by the facts he alleges, even when they are assumed true. *See Burnette v. Fahey*, 687 F.3d 171, 180 (4th Cir. 2012).

Blankumsee first alleges that he has been denied equal protection, citing seemingly anecdotal situations where unnamed inmates who are serving life sentences and have poor infraction histories are classified as medium security prisoners. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Apart from his self-serving and conclusory assertion concerning several unidentified inmates, Blankumsee fails to plead sufficient facts to demonstrate a plausible claim that he was treated differently than other similarly situated inmates. Further, he fails to show differential treatment implicating a suspect classification or a fundamental right.

Insofar as Blankumsee alleges denial of his right to due process, there is no constitutional right for an inmate prisoner to be housed in a particular institution, at particular custody level, or in a particular portion or unit of a correctional institution. *See Sandin v. Conner,* 515 U.S. 472, 484 (1995) (holding that protected liberty interests are generally limited to freedom from restraint which imposes atypical and significant hardship on inmate in relation to ordinary incidents of prison life); *McKune v. Lile*, 536 U.S. 24, 26 (2002) (stating the "decision where to

house inmates is at the core of prison administrators' expertise"); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (holding that the Constitution's Due Process Clause does not "protect a duly convicted prisoner against transfer from one institution to another within the state prison system"). Matters of security classification are reserved to the sole discretion of prison officials. *See Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994). Further, this Court is unaware of any Maryland law or regulation conferring a protected liberty interest on Maryland Division of Correction inmates that has been abridged here. Absent a protected liberty interest, a plaintiff cannot successfully claim that his due process rights were violated because "[p]rocess is not an end in itself." *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). In any event, Blankumsee is provided regularly scheduled classification review. Accordingly, his claim of improper security classification is not cognizable and will be dismissed.[4]

To the extent Blankumsee claims Eighth Amendment violations based on the conditions of his confinement, his claims will be dismissed without prejudice to refiling in a separate complaint. Blankumsee will be sent a pre-printed complaint form to assist him should he intend to pursue these claims.[5]

### III. CONCLUSION

For these reasons, Blankumsee's claim of improper classification will be denied and dismissed. His claims concerning the conditions of his confinement will be dismissed without prejudice. A separate order follows.

July 29, 2013
Date

Paul W. Grimm
United States District Judge

---

[4] Blankumsee's assertion that his security classification constitutes a violation of the Ex Post Facto Clause and the Rehabilitation Act of 1973 (Compl. 1) are wholly lacking in plausible factual or legal basis.

[5] The Court expresses no opinion as to the potential merit of these claims.